IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## REECE CALLOWAY LOUDERMILK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S38,279     Lynn W. Brown, Judge By Interchange**

---

**No. E2001-03060-CCA-R3-PC**
**September 3, 2002**

---

This is an appeal from the denial of post-conviction relief.  Pursuant to an agreed plea entered in October 1992, the defendant pled *nolo contendere* to three counts of aggravated rape of his niece, one count of aggravated sexual battery of his niece, one count of aggravated rape of his daughter, and one count of aggravated sexual battery of his daughter for an effective 35-year sentence as a Range I standard offender.[1]  Both victims were under thirteen years of age.  On appeal, the defendant contends he received ineffective assistance of counsel rendering his plea unknowingly and involuntarily entered.  After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal); Stephen M. Wallace, District Public Defender; and Terry L. Jordan, Assistant District Public Defender (at hearing), for the appellant, Reece Calloway Loudermilk.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]All offenses were committed prior to July 1, 1992, which was the effective date of the child rape statutes.  *See* Tenn. Code Ann. § § 39-13-522, -523 (1997).  The release eligibility date of a felon convicted of aggravated rape and aggravated sexual battery at the time of these offenses is 30% for a Range I standard offender.  *But see* Tenn. Code Ann. § 40-35-501(i)(1), -(2)(F) (requiring service of 100 % of the sentence imposed by the court less sentence credits for aggravated rapes and aggravated sexual batteries occurring after July 1, 1995).

## OPINION

## PROCEDURAL BACKGROUND

On October 13, 1992, the petitioner entered pleas of *nolo contendere* to four counts of aggravated rape and two counts of aggravated sexual battery for an effective 35-year sentence as a Range I standard offender. Petitioner filed a timely post-conviction petition. Appointed counsel filed an amended petition; counsel's amended petition alleged ineffective assistance of counsel and an involuntary plea but failed to specifically allege that, but for trial counsel's actions, petitioner would have insisted on going to trial. The post-conviction court dismissed the petition, concluding it was deficient because it failed to specifically allege prejudice. On appeal, this court reversed, found the petition was sufficient, and remanded the case to the post-conviction court for an evidentiary hearing.[2] The post-conviction court conducted an evidentiary hearing and denied the petition. This appeal followed.

## POST-CONVICTION HEARING TESTIMONY

The 62-year-old petitioner testified he, his brother, and his sister initially met with trial counsel in late 1991, and he next saw him 18 months later for approximately 15 minutes. The petitioner explained he saw counsel only once more for less than 15 minutes prior to the day he entered his plea. The petitioner said counsel told him he faced 200 years if he did not accept a plea offer, which "blowed [sic] [his] mind." The petitioner testified counsel stated he would be released in 10.5 years under the 35-year plea agreement; if he pled no contest, he could later receive a jury trial; and he was required to agree with "everything [the judge] says" during the plea acceptance hearing.

The petitioner further testified his wife had expressed her desire to sell their farm to her sister, the mother of the victim-niece, for approximately five years prior to his arrest; he agreed to sell a portion of the farm to her sister; his wife and her sister continued pressing for sale of the entire farm; and when the petitioner refused to sell the remainder of the farm, his wife said, "I'll see you in prison. . . ." Petitioner implied it was this family squabble that led to the instant charges. The petitioner conceded he had been convicted in Virginia at a jury trial for aggravated sexual battery of the same niece and was sentenced to four years imprisonment.

Johnny Loudermilk, the petitioner's brother, corroborated the petitioner's testimony regarding the petitioner's wife's desire to sell the farm and testified she made those statements in approximately 1987. Donnie Rutledge, a friend of the petitioner's, also testified the petitioner's wife threatened petitioner in 1988 or 1989 with jail if he did not sell the entire farm. Betty Loudermilk,

---

[2] Reece Calloway Loudermilk v. State, C.C.A. No. 03C01-9810-CR-00352, 1999 Tenn. Crim. App. LEXIS 1141 (Tenn. Crim App. Nov. 17, 1999, at Knoxville).

petitioner's sister-in-law, testified the petitioner's wife told her sometime between 1989 and 1992 that "she was going to get her a new house, but it wouldn't be with [the petitioner]."

Trial counsel testified he filed discovery motions, met with prosecutors, acquired medical records, acquired a trial transcript of the petitioner's Virginia trial, and analyzed the substance of the victims' statements. Counsel considered petitioner's chance of success at a jury trial to be "[b]etween zero and nil." Counsel said he discussed the evidence and the state's initial plea offer of 40 years as a Range II multiple offender with the petitioner. Counsel further said he explained to the petitioner the difference between concurrent and consecutive sentencing, and he bartered with the prosecutor for six weeks until he secured an offer of an effective 35-year sentence as a Range I standard offender. Counsel testified that the plea was voluntarily entered, and he informed the petitioner it was the best plea agreement he could obtain. Counsel further testified petitioner neglected to inform him of his wife's prior bitterness regarding the farm.

The lead prosecuting attorney on the petitioner's case estimated he talked with petitioner's counsel five to eight times. The lead prosecutor further testified the victim's family denied petitioner's counsel's request for an interview; he furnished petitioner's counsel with discovery; and he negotiated the final plea agreement with petitioner's counsel on the morning scheduled for trial. He saw no indication that petitioner's plea was involuntary.

## STANDARD OF REVIEW

### A. Ineffective Assistance of Counsel

The judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. However, the trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d

at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a plea. The Court in Hill modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have entered the plea and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## B. Involuntary Plea

Petitioner also contends his plea was involuntary and unknowing. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. Id. at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Id. at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).

> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea **. . . .**" 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). We further conclude a plea of *nolo contendere* must be analyzed under the same standards. *See* Tenn. R. Crim. P. 11(b) - (d).

## POST-CONVICTION COURT'S FINDINGS

The post-conviction court entered detailed written findings which discredited the testimony of the petitioner, accredited the testimony of petitioner's counsel, found counsel rendered effective representation, and concluded petitioner's effective 35-year sentence was "a deal" considering he faced a maximum effective sentence of 125 years. The post-conviction court further concluded trial counsel and the sentencing judge did a thorough job explaining the details of the plea agreement to

petitioner; the petitioner was "willing to say whatever he needs to say to get out [of prison];" petitioner's testimony at the hearing was "not believable;" and "the plea was knowingly and intelligently entered."

## ANALYSIS

The petitioner's trial counsel prepared for trial by filing discovery motions, meeting with prosecutors, acquiring medical records, acquiring a transcript of petitioner's Virginia trial where he was convicted of aggravated sexual battery of his niece, and analyzing the substance of the victims' statements. Counsel further met with petitioner and petitioner's family on numerous occasions, and he explained the relevant issues relating to the petitioner's case. The state's proof, he believed, was overwhelming. Furthermore, he negotiated with the prosecutor for six weeks until he secured an offer of an effective 35-year sentence as a Range I standard offender, a substantial reduction from the state's initial offer. The post-conviction court found no deficiency by trial counsel; the evidence does not preponderate against this finding.

The petitioner contends counsel was ineffective by failing to inform petitioner he was ineligible to be sentenced as a Range II multiple offender because his prior Virginia conviction consisted of an offense committed after the instant offenses. *See* Tenn. Code Ann. § 40-35-106(b)(1) ("'Prior conviction' means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced."). However, as noted by the post-conviction court, petitioner still faced the possibility of 125 years even as a standard offender. Thus, petitioner has not shown that had he known he faced 125 years instead of 200 years, he would have insisted on going to trial.

The petitioner next alleges his pleas were involuntarily entered because counsel failed to conduct an adequate investigation of the factual background of the charges and failed to interview state witnesses. The post-conviction court found no deficiency in this regard, and the evidence does not preponderate against this finding. Furthermore, petitioner has made no showing that he would not have entered the plea if trial counsel had done anything differently with regard to his investigation.

Finally, petitioner contends trial counsel erroneously advised him he would be released after serving 10.5 years of the 35-year sentence. The post-conviction court rejected the credibility of petitioner's testimony and concluded trial counsel was not deficient. The transcript of the plea submission hearing further reveals the court repeatedly mentioned that the 30% was a release eligibility date; at no time was the petitioner told he would, in fact, be released at that time. In addition, petitioner has made no showing that the 30% release eligibility date is inaccurate. His sentences are not controlled by Tennessee Code Annotated sections 39-13-523 and 40-35-501(i). These offenses were committed prior to 1992. *See supra* note 1. We do recognize that petitioner may not be released at 30% due to the requirements of Tennessee Code Annotated section 40-35-

503(c); nevertheless, the 30% release eligibility date is accurate. The evidence supports the post-conviction court's finding that the plea was voluntarily and knowingly entered.

## CONCLUSION

We conclude the evidence does not preponderate against the post-conviction court's findings that petitioner received effective assistance of counsel and knowingly and voluntarily entered his plea. The judgment of the post-conviction court is affirmed.

_____
JOE G. RILEY, JUDGE